**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT STEWART,                  :

      Petitioner               :

v                                      :         Criminal Case ELH-13-262
                                               (Related Civil Case ELH-17-1408)

UNITED STATES OF AMERICA,     :

      Respondent            :
                                o0o

## MEMORANDUM OPINION

On May 22, 2017, Robert Stewart, a self-represented federal prisoner incarcerated at FCI-Gilmer in Glenville, West Virginia, filed a second Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. ECF 53 (the "Petition"). He alleges that he is illegally detained because prior convictions were improperly used to enhance his federal sentence. ECF 53 at 4, 14. Further, as Stewart argued in an earlier petition, he contends that his mandatory senence "conflicts with the mandate of 18 U.S.C. § 3553(a) to impose a sentence that is 'sufficient but not greater than necessary.'" ECF 53 at 2.[1]

Stewart relies on cases that were not previously available to him. *Id.* at 10. They include, *inter alia*, *Mathis v. United States*, _____ U.S. ___, 136 S.Ct. 2243, 2251 (2016). In *Mathis*, the Supreme Court applied the "categorical approach" and determined that Iowa's burglary statute could not serve as a predicate violent felony to enhance Mathis's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On the basis of *Mathis*, Stewart argues that two of his prior Maryland convictions, one for possession with intent to distribute cocaine and the other for conspiracy to distribute cocaine, were improperly used to enhance his

---

[1] Because I previously addressed this contention, I need not address it again. *See* ECF 51 at 9. Instead, I shall incorporate here the reasoning set forth in ECF 51, discussed, *infra*.

sentence as an Armed Career Criminal and as a Career Offender under U.S.S.G. § 4B1.1. ECF 53 at 4, 15, 16.

For the reasons that follow, I shall deny the Petition.

## I.  Factual Background

A federal grand jury indicted Stewart on May 23, 2013, on a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). ECF 1. On November 5, 2013, Stewart entered a plea of guilty pursuant to a written plea agreement. ECF 20; ECF 21 (Plea Agreement). Sentencing was held on March 13, 2014. *See* ECF 26. Because Stewart had three prior qualifying convictions for serious drug offenses, he was deemed an Armed Career Criminal.  Therefore, I imposed the mandatory minimum term of fifteen years' imprisonment, pursuant to the ACCA, 18 U.S.C. § 924(e). *See* ECF 27 (Judgment); ECF 28 (Statement of Reasons).

On March 14, 2014, Stewart noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 29. His conviction and sentence were affirmed on October 24, 2014.  *See United States v. Stewart*, 585 Fed. App'x 106 (4th Cir. Oct. 24, 2014) (per curiam); *see also* ECF 42 (Opinion and Judgment of the Fourth Circuit); ECF 43 (Mandate). Stewart's petition for writ of certiorari to the United States Supreme Court was denied on February 23, 2015. *Stewart v. United States,* ___ U.S. ___, 135 S.Ct. 1476 (2015).

Stewart filed his first Motion to Vacate, pursuant to 42 U.S.C. §2255, on September 10, 2015.  ECF 44 ("First Petition").  He argued, *inter alia*, that two of his prior Maryland drug convictions were improperly considered as ACCA predicates.  ECF 44 at 4; ECF 44-1 at 5.  In particular, Stewart complained that the Court relied on prior convictions that do "not qualify as a 'serious drug offense,' because movant received a punishment of less than one year of

imprisonment." ECF 44 at 4; *id.* at 7. He also insisted that "his previous drug convictions do not qualify as serious or violent by any definition of the ACCA's predicate." ECF 44-1 at 5. In addition, Stewart claimed that he received ineffective assistance of counsel because his attorney did "not challeng[e] the ACCA enhancement sufficiently; nor did counsel anticipate adequately the change in law...." ECF 44 at 4-5. The government responded at ECF 50. I denied the First Petition by Memorandum (ECF 51) and Order (ECF 52) of March 24, 2016.

Stewart now argues that, due to changes in the law, which occurred subsequent to the filing of his First Petition, the underlying Maryland convictions used to enhance his federal sentence no longer qualify as predicates for enhancement. Therefore, he claims that he is entitled to resentencing. The government has not been asked to respond.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code, under which Stewart filed this Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves ""a fundamental defect which inherently results in a complete miscarriage of justice"" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by

lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same). Nevertheless, in my view, no hearing is necessary to resolve Stewart's claims.

**B.**

Following his plea of guilty, Stewart was convicted of the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . ." As noted, Stewart contends that two of his predicate offenses do not constitute a "serious drug offense" within the meaning of ACCA.

Section 924(e)(2)(A) defines the term "Serious Drug Offense." As defendant's disputed prior offenses are under Maryland law, § 924(e)(2)(A)(ii) is relevant. It defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

Thus, in order to qualify as a serious drug offense, defendant's prior Maryland convictions must have prescribed a *potential* maximum term of imprisonment of at least ten years. Nevertheless, a State court need not *impose* a sentence of at least ten years for a particular offense, in order for that offense to qualify as a predicate under ACCA. In *Newbold*, the Court said, 791 F.3d at 462: "The controlling inquiry . . . is not what sentence [the defendant] actually received for [the drug offense] . . . . Instead, we must determine the maximum penalty that [the

defendant] potentially faced given his particular offense . . . ."

In other words, the fact that Stewart may not have received a sentence of ten years is irrelevant, because the definition of "serious drug offense" does not turn on the length of the sentence that was actually imposed. Rather, it turns on the maximum sentence that, by law, could have been imposed. *Cf. United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012).

The Presentence Report (ECF 24) clearly reflects that he had at least three prior serious drug offenses, which satisfied the requirements of the Armed Career Criminal Act. Looking only at Stewart's adult record as to prior felony drug offenses, ECF 24 shows that Stewart was convicted in the Circuit Court for Baltimore City of four distinct, qualifying Maryland offenses, all when he was at least 18 years of age. In particular, he was convicted on April 14, 2004, of possession with intent to distribute cocaine. ECF 24, ¶¶ 39-43. On December 22, 2004, he was convicted of conspiracy to distribute cocaine. *Id.* ¶¶ 47-49. On September 1, 2005, he was convicted of possession with intent to distribute cocaine. *Id.* ¶¶ 52-54. And, on December 9, 2005, he was convicted of possession with intent to distribute cocaine and conspiracy to distribute cocaine. *Id.* ¶¶ 55-58. Moreover, at sentencing the government did not merely rely on ECF 24. It presented numerous exhibits documenting Stewart's prior felony drug record, as outlined above. *See* ECF 37.

Maryland Code, Criminal Law Article ("C.L.") § 5-602 and § 5-608 are relevant. C.L. § 5-602 prohibits the felony offenses of distribution of a controlled dangerous substance ("CDS") and possession with intent to distribute CDS. C.L. § 5-608 establishes various penalties, and sets a penalty of imprisonment not exceeding 20 years for the first offense under §

5-602 if it involves a Schedule I or Schedule II narcotic drug.[2]  C.L. § 5-101(f) defines "controlled dangerous substance."  Moreover, the drugs that appear on Schedule I and Schedule II appear at C.L. § 5-402 and C.L. § 5-403, respectively.  Cocaine is designated as a Schedule II substance.  *See* C.L. § 5-403(b)(3)(iv); *see also Hurt v. State*, 2015 WL 5926870, at *4 (Md. Court of Special Appeals Sept. 4, 2015).  Thus, under these statutes, Stewart was subject to potential sentences of up to twenty years for each of the four convictions outlined above.[3]

Stewart was properly found to be an Armed Career Criminal.  As a result, this Court had no discretion to disregard the congressionally mandated minimum sentence of 180 months' incarceration.  To be sure, a court must "impose a sentence sufficient, but not greater than necessary, to comply" with the objectives of sentencing, as outlined in 18 U.S.C. § 3553(a)(2).  But, as the Fourth Circuit reiterated in resolving Stewart's appeal, ECF 42 at 3:  "'[T]he <u>general</u> sentencing provisions in § 3553(a) give way to <u>specific</u> mandatory sentencing provisions elsewhere in the criminal code.'"  (Citations omitted).

Petitioner's reliance on *Mathis* is misplaced.  In *Mathis*, the Court used the categorical approach and explained that a court *generally* must look only to the elements of the offense, not the facts, to determine whether a prior offense qualifies under the ACCA as a predicate offense.  The Supreme Court cited, *inter alia*, *Descamps v. United States,* ___ U.S. ___, 133 S.Ct. 2276 (2014).

In *Descamps*, decided a year before *Mathis*, the Supreme Court reiterated that the so called modified categorical approach, set forth in *Taylor v. United States*, 495 U.S. 575 (1990)

---

[2] In general, the penalties set forth in C.L. § 5-608 also apply to conspiracy.  *See*, *e.g.*, C.L. § 5-608(b).

[3] In 2004, when Stewart was first convicted of a serious drug offense as an adult, the penalty was the same.  *See*, *e.g.*, Md. Code (2002), C.L. § 5-602, derived from Md. Code Ann., Art. 27 § 286(a); Md. Code (2002), C.L. § 5-608.

and *Shepard v. United States*, 544 U.S. 13 (2005), does not apply to a state statute with a "single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. It stated that sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.*; *see, also e.g.*, *Moncrieffe v. Holder*, ___ U.S. ___, 133 S. Ct. 1678, 1684 (2013); *Begay v. United States*, 553 U.S. 137, 141 (2008); *James v. United States*, 550 U.S. 192, 202 (2008).

The *Mathis* Court reiterated that, in order to determine whether a prior conviction qualifies as a violent felony under the ACCA, courts generally rely on the categorical approach. 136 S. Ct. at 2248. The Iowa burglary statute, used as a predicate offense to enhance Mathis's sentence, listed alternative means for satisfying one or more of its elements. The Court concluded that the Iowa statute was broader than the generic definition of burglary and could not be used as a predicate offense. *Id.* at 2248. It stated:

> [T]he elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary). **Under our precedents, that undisputed disparity resolves this case. We have often held,** and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. How a given defendant actually perpetrated the crime . . . makes no difference . . . .

*Id.* at 2251 (emphasis added) (internal citation omitted).

The preliminary question is whether *Descamps* or *Mathis* established a new rule or principle of law. The Supreme Court stated in *Teague v. Lane*, 489 U.S. 288 (1989), that a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301. In other words, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301)

(alteration omitted and emphasis added).

Applying this definition, the Supreme Court did not establish a new rule in *Mathis* or in *Descamps*. Rather, it "simply [reaffirmed] the *Taylor/Shepard* approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (addressing *Descamps*). Indeed, the Supreme Court itself recognized in *Descamps* that it was relying on existing precedent. *Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *see also United States v. Morgan*, 845 F.3d 664, 668 (5th Cir. 2017) ("*Descamps* clearly relies on existing precedent. The Court explicitly says so and spends nearly the whole opinion explaining that viewpoint.).

Many courts have considered the question of whether the Supreme Court recognized a new right in *Descamps* and have concluded that *Descamps* merely reiterated an existing legal principle. *See, e.g.*, *Morgan*, 845 F.3d at 667 ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule—its holding merely clarified existing precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.) ("*Descamps* clarified application of the modified categorical approach in light of existing precedent."), *cert. denied*, ___ U.S. ___, 136 S. Ct. 256 (2015); *King v. United States*, 610 Fed. App'x 825, 828 (11th Cir.) ("As for *Descamps,* it is not a new rule. It merely applied prior precedent . . . ."), *cert. denied*, 136 S. Ct. 349 (2015); *United States v. Hopson*, 589 Fed. App'x 417 (10th Cir. 2015) ("*Descamps* did not recognize a new right, but rather applied existing doctrine."); *Davis*, 751 F.3d at 775 ("The Supreme Court in *Descamps* explained that it was not

announcing a new rule . . . ."); *United States v. Williams*, No. 3:05-CR-173, 2016 WL 7155748, at *4 (E.D. Va. Dec. 7, 2016) ("...[T]he decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule.'") (quoting *Headbird*, 813 F.3d at 1097) (alteration in *Williams*); *Scott v. United States*, RDB-08-0034, 2016 WL 3162766, at *3 (D. Md. June 7, 2016) (recognizing that *Descamps* does not recognize a new right or apply retroactively on review); *United States v. Owens*, 3:05-CR-264-HEH, 2016 WL 1562917, at *2 (E.D. Va. Apr. 15, 2016) ("*Descamps* . . . is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)."), *reconsideration denied*, No. 3:05-CR-264-HEH, 2016 WL 5019163 (E.D. Va. Sept. 16, 2016).

The same rationale has also been applied to *Mathis*. *See, e.g.*, *Dawkins v. United States,* 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *United States v. Taylor*, ___ Fed. Appx., 2016 WL 7093905, at *4 (10th Cir. 2016) (*Mathis* did not announce a new rule of law); *Adams v. United States*, 2017 WL 1040346 at *3 (D. Maine 2017) (*Mathis* does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review); *Dimott v. United States*, 2016 WL 6068114, at *3 (D. Maine 2016) (neither *Mathis* nor *Descamps* announced a newly recognized constitutional right); *Blackwell v. United States*, 2016 WL 5849384, at *4-5 (W.D. Va. 2016) (neither *Descamps* nor *Mathis* announced a new rule of constitutional law).

Accordingly, I conclude that the Petition is a successive one. Section 2255 of 28 U.S.C. §2255(h) provides:

A second or successive motion must be certified  as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable

Stewart has not received the proper certification from the United States Court of Appeals for the Fourth Circuit. Consequently, this court may not consider the merits of his claim unless and until Stewart receives the requisite certification.

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. A packet of instructions promulgated by the Fourth Circuit, which addresses the comprehensive procedure to be followed should Stewart wish to seek authorization to file a successive petition, will be provided to Stewart. He must file the pleading with the Fourth Circuit and obtain authorization to file a successive petition before this court may examine his claims.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because Stewart has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA. However, the denial of a COA does not preclude a Stewart from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

A separate Order follows.

<u>May 31, 2017</u>                          _____/s/_____
Date                                   Ellen L. Hollander
                                        United States District Judge